# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KASAAD DORSEY,

                                         Plaintiff,

    v.                                                           1:15-CV-858 (TJM/ATB)

STATE OF NEW YORK, et al.,

                                         Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KASAAD DORSEY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Kasaad Dorsey. (Dkt. Nos. 1, 2).

## I. **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Although the complaint is not very clear, it appears that plaintiff claims that Albany City Court Judge William Carter "resolved" a criminal case against plaintiff by

2

granting him an adjournment in contemplation of dismissal ("ACOD"), but that defendant Albany County Supreme Court Judge Stephen W. Herrick, with "appearances by" defendant Assistant District Attorney Kurt Haas and defendant Assistant Public Defender Angela Kelly, continued to prosecute plaintiff for Second Degree Assault, even though they "lost jurisdiction" after Judge Carter imposed the AOCD. (Complaint ("Compl.") at ¶ II(D)). Plaintiff states that "res judicata" and "collateral estoppel" barred defendants from prosecuting "the same transaction." (*Id.*) Plaintiff alleges conspiracy, "retaliatory prosecution,"and abuse of process. Plaintiff claims defendants are retaliating against him because he pursued a civil action against an Albany Police detective. (*Id.*)

Plaintiff states that his injuries include false imprisonment or "wrongful imprisonment" and a violation of due process. These violations caused him to serve more prison time "after serving his original three years" from a prior sentence. (Compl. ¶ III). Plaintiff also claims that he was deprived of early release dates, work release and "shock program." (*Id.*) Plaintiff states that an extra sur-charge was imposed on him, and that his "classification status" was affected. (*Id.*)

Plaintiff seeks substantial monetary relief. (Compl. ¶ V). Plaintiff seeks one million dollars from each defendant who "cause[d] the deprivation," and three million dollars from each "individual supervisor." Plaintiff seeks five million dollars from the State of New York and the City of Albany, in addition to one thousand dollars per day from the State and the City for each day that the "violation go uncorrected." (*Id.*)

I.  **Judicial/Prosecutorial Immunity**

   A.  **Legal Standards**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

The test for clear absence of jurisdiction has two prongs. *Lewittes v. Lobis*, No. 04 Civ. 155, 2004 WL 1854082, at *5-6 (S.D.N.Y. Aug. 19, 2004) (Rep. Rec.) (citing *Tucker v. Outwater*, 118 F.3d 930, 934 (2d Cir. 1997)). The test has both an objective and subjective prong. *Id.* Objectively, it must be found that no reasonable judge would have thought jurisdiction was proper, and subjectively, the judge whose actions are questioned, actually knew or must have known of the jurisdictional defect. *Id.*

Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25

F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

**B.    Application**

Plaintiff has named Hon. Stephen W. Herrick, Albany County Court Judge as a defendant in this case. Judicial immunity prevents the case from proceeding as against Judge Herrick. Plaintiff also sues Assistant District Attorney Kurt Haas and District Attorney David Soares. Absolute immunity also prevents the case from proceeding against the prosecutors. Plaintiff alleges that because the City Court Judge "resolved the action" relating to plaintiff's October 1, 2013 arrest by adjourning in contemplation of dismissal, the defendants lost "subject matter jurisdiction" over plaintiff's assault charge. Plaintiff also alleges that res judicata and collateral estoppel prevented his

5

prosecution for "the same transaction."

With respect to the Judge, plaintiff does not properly allege an "absence" of jurisdiction. In *Carr v. Village of New York Mills*, No. 96-CV-42, 1998 WL 187395, at *2-3 (N.D.N.Y. Apr. 15, 1998), plaintiff alleged that the defendant judge previously adjudicated charges against her, and that her sentence had expired when the judge issued warrants for plaintiff's arrest on the same charges. *Id.* at *2. Plaintiff claimed that the judge lost "jurisdiction" when plaintiff's sentence expired, and therefore, acted in absence of jurisdiction. The court found that the scope of a judge's jurisdiction must be construed broadly, and even if "personal jurisdiction" over the plaintiff was lacking, the judge still maintained jurisdiction over the "subject matter before him." *Id.*

In this case, plaintiff may be attempting to claim that by prosecuting him for assault in County Court after the City Court judge adjourned a charge in contemplation of dismissal, plaintiff was subjected to Double Jeopardy. At worst, plaintiff is alleging that the Judge acted in "excess" of his jurisdiction or participated in some sort of retaliatory prosecution. In either case, Judge Herrick, a County Court Judge, still had "subject matter" jurisdiction over an assault case, even if plaintiff argues that the judge lost "personal jurisdiction" over the plaintiff because of the "resolution" of his case in City Court. *See* N.Y. Crim Proc. Law §§ 10.10 (2)(b) & 10.20(1)(a) (a County Court is a Superior Court, and Superior Courts have jurisdiction to try felonies). Thus, Judge Herrick is absolutely immune from liability based on the allegedly improper prosecution.

The only allegations against the District Attorney defendants are that they

continued to prosecute plaintiff for a crime in retaliation for bringing a civil action against two of the police officers involved in his arrest. Even if that were true, plaintiff is only alleging prosecutorial conduct by these defendant which is covered by absolute immunity. There is no claim regarding any investigatory conduct. As stated above, the prosecutor's motivation in his or her decision to prosecute does not affect absolute immunity. Plaintiff does not even allege that District Attorney Soares had any personal involvement in any of the conduct alleged in plaintiff's complaint.[1] Thus, plaintiff's complaint may be dismissed as against Judge Herrick, ADA Haas, and DA Soares.

## II. Color of State Law

### A. Legal Standards

In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

It is well-established that court-appointed attorneys do not act under color of

---

[1] Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). The court need not rule on the issue of personal involvement because the DA defendants are entitled to absolute immunity whether they were involved in the decision to prosecute or not.

7

state law when performing their traditional function as counsel. *See Harmon v. New York County Dist. Attorney's Office*, No. 13 Civ. 1711, 2014 WL 1044310, at *9 (S.D.N.Y. March 17, 2014) (citing inter alia *Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. 2010); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). *See also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (private attorneys, even if they are court-appointed, and/or associated with a Legal Aid organization, do not act under color of state law when representing their clients). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Krug v. McNally*, 368 F. App'x 269 (2d Cir. 2010).

### B. Application

In this case, plaintiff has named the Assistant Public Defender who represented him on the assault charge, defendant Angela Kelly. Plaintiff has also named her supervisor, defendant James P. Milstein. Plaintiff makes absolutely no factual allegations against either one of these defendants in the body of the complaint.[2] In any event, neither public defender acts under color of state law, and plaintiff's complaint must be dismissed as against both defendants Kelly and Milstein.

Plaintiff also names Cassandra L. Channing in the caption of the complaint. Although an internet search for this name results in finding that this individual may be an attorney, plaintiff never mentions her in the body of the complaint. If Ms. Channing represented plaintiff at any time as defense counsel, she would not have acted under color of state law, and the complaint may be dismissed against her.

---

[2] As stated above with respect to the prosecutors, plaintiff appears to have included Public Defender Milstein because he happens to be defendant Kelly's supervisor.

### III. <u>Eleventh Amendment Immunity</u>

#### A. Legal Standards

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities, or an action against an agency of the state, is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (agencies of the state).

#### B. Application

Plaintiff seeks substantial damages from the State of New York. The State is immune from such damage actions, and the complaint may be dismissed as against the state of New York.

### IV. *Heck v. Humphrey*

#### A. Legal Standards

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

#### B. Application

9

In this case, plaintiff alleges that "res judicata" and "collateral estoppel" barred defendants from prosecuting plaintiff on the assault charge. This claim strikes at the heart of plaintiff's conviction for assault. A finding that the defendants were barred from prosecuting him would necessarily call the conviction into question. There is no indication that plaintiff's assault conviction has been reversed, expunged, declared invalid or called into question by a federal habeas court.

In fact, the court is well aware that plaintiff's conviction has not been reversed. Plaintiff has another case pending in the Northern District of New York before the Honorable Senior District Court Judge, Thomas J. McAvoy and Magistrate Judge Christian Hummel. *Dorsey v. Regan*, No. 6:14-CV-23 (TJM/CFH). In 14-CV-23, plaintiff originally named two of the officers who were involved in his arrest on October 1, 2013. Plaintiff raised false arrest, false imprisonment, and excessive force claims. *Id.*

In his initial review of the complaint in 14-CV-23, Magistrate Judge Hummel wrote a thorough Order and Report-Recommendation that was adopted by Senior Judge Thomas McAvoy. *Dorsey v. Regan*, No. 6:14-CV-23 (TJM/CFH), 2014 WL 1338415 (N.D.N.Y. Apr. 2, 2014) (cite includes both the Rep.-Rec. and the order adopting the Rep.-Rec.) Magistrate Judge Hummel recommended dismissing plaintiff's false arrest and false imprisonment claims pursuant to *Heck v. Humphrey* because a decision in plaintiff's favor would necessarily call into question the validity of his conviction. *Id.* at \*3. Judge Hummel recommended that plaintiff's excessive force claim proceed because a decision in plaintiff's favor would not necessarily affect the plaintiff's

10

conviction and would not be barred by *Heck*. Senior Judge McAvoy recently decided cross-motions for summary judgment and a motion to amend in *Dorsey v Ryan*. *Dorsey v. Regan*, No. 6:14-CV-23, 2015 WL 3484933 (N.D.N.Y. June 2, 2015). In Judge McAvoy's decision, among other rulings, he denied plaintiff's motion to amend his complaint to add other officers and to add a claim against the City of Albany. *Id.* at *8. In denying the motion to amend, Judge McAvoy stated that "[a]ny claim against the City of Albany is dismissed without prejudice to being brought in a separate action." *Id.*

In this case, plaintiff appears to be attempting to circumvent the dismissal of his false arrest and false imprisonment claims by recasting them against different defendants and alleging a different theory for the invalidity of his conviction. Unfortunately for plaintiff, *Heck* still bars his action, regardless of plaintiff's new allegations of invalidity. In addition, plaintiff has now named defendants who either have absolute immunity or do not act under color of state law.

The only defendant that could be liable in a section 1983 action is the City of Albany, a municipality. Plaintiff's claim against the municipality would still be barred by *Heck*. In addition, a municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), (Rep.-Rec.*), adopted in relevant part*, 2014 WL

2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

In this case, plaintiff is challenging the decision to prosecute him for assault. The municipality would not have been involved in that decision, and plaintiff has alleged no policy or custom that would have allowed the allegedly illegal prosecution to take place. In fact, the decision to prosecute would have been made by the County District Attorney, who represents the State of New York when prosecuting criminal matters. *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). Thus, even if plaintiff could have sued the municipality under section 1983, and even if *Heck* did not bar this action, plaintiff could not attribute the District Attorney's actions or any of the other defendants' actions to the City of Albany. Thus, for the various reasons stated above,

the case must also be dismissed as against the City of Albany.[3]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) based on absolute immunity and failure to state a claim, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, that the district court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from the district court's order would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 20, 2015

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] The court notes that Judge McAvoy dismissed plaintiff's claims in 14-CV-23 "without prejudice" and indicated that plaintiff could bring a "separate action." However, Judge McAvoy was referring to the City's liability for excessive force claims, the only claims that remain in 14-CV-23. Judge McAvoy did not mean to revive plaintiff's claims regarding his prosecution.