**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KASAAD DORSEY,**

                               **Plaintiff,**

    vs.                                                   **1:15-CV-858
(MAD/ATB)**

**STATE OF NEW YORK, et al.,**

                               **Defendants.**
_____

**APPEARANCES:**

**KASAAD DORSEY**
**13-A-5356**
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on July 13, 2015, seeking monetary relief for alleged violations of his constitutional rights. *See* Dkt. No. 1 at 1. In a July 20, 2015 Order and Report-Recommendation, Magistrate Judge Baxter conducted an initial review of the complaint and granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP") for filing purposes only, however also recommended that the complaint be dismissed in its entirety. *See* Dkt. No. 4 at 13.

Currently before the Court is Magistrate Judge Baxter's Order and Report-Recommendation and Plaintiff's objections thereto.

### II. BACKGROUND

Plaintiff's complaint is limited on facts, but essentially alleges that after Albany City Court Judge William A. Carter "resolved" a criminal case against Plaintiff by granting an adjournment

in contemplation of dismissal ("ACOD"), Defendants continued to prosecute Plaintiff for Second Degree Assault as part of a broad conspiracy in retaliation for filing a civil action against an Albany Police detective. Dkt. No. 1 at 3. Plaintiff alleges various injuries, including false imprisonment, violation of due process, and deprivation of opportunities for early release dates, work release, and participation in the "shock program." Plaintiff also states that an extra surcharge was imposed on him and that his "classification status" was affected. *Id.* Plaintiff seeks substantial compensation in the amounts of one million dollars per defendant who "cause[d] the violation," three million dollars per defendant in a supervisory role, and five million dollars from the City of Albany and State of New York, with an additional one thousand dollars for each day that the "violation" was uncorrected from the City and State. Dkt. No. 1 at 5.

In a July 20, 2015 Oder and Report-Recommendation, Magistrate Judge Baxter recommended that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) due to the Plaintiff's claims being barred by absolute immunity and failure to state a claim, and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Court's order will not be taken in good faith. Dkt. No. 4 at 13. Plaintiff filed objections to the Magistrate Judge's Order and Report-Recommendation on August 3, 2015. *See* Dkt. No. 6 at 1.

Currently before the Court are Magistrate Judge Baxter's Order and Report-Recommendation, and Plaintiff's objections thereto.

### III. DISCUSSION

**A.    Initial review**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

2

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.[2]

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense," and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless] lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding pro se, waives any challenge to the report on appeal. *See Cephas*

4

*v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A pro se litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the July 20, 2014 Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should dismiss Plaintiff's complaint in its entirety. Dkt. No. 4 at 13. Magistrate Judge Baxter correctly determined that Plaintiff's claims are all barred on the basis of judicial immunity, absolute immunity, and the Eleventh Amendment. *Id.* at 2-9. Magistrate Judge Baxter was also correct in finding that Plaintiff's criminal defense attorneys were not subject to suit because they were not acting under color of state law. *Id.* at 8. Magistrate Judge Baxter also correctly determined that any claims against the City of Albany were barred by *Heck v. Humphrey* and, even if *Heck* did not preclude his claims, the actions of the District Attorney in prosecuting Plaintiff were not attributable to the City of Albany. *Id.* at 9-12.

Plaintiff filed objections to Magistrate Judge Baxter's Order and Report-Recommendation, however these objections amount to little more than conclusory statements and recitals of the accusations levied in the complaint. *See* Dkt. No. 6. Plaintiff does not allege any facts in his

objections that indicate any error on the part of Magistrate Judge Baxter in his Order and Report-Recommendation, but instead merely protests the findings of law by restating allegations contained in his initial complaint. *Id.*

Plaintiff has also requested in his objections that his claims against the State of New York be dismissed without prejudice for the purposes of refiling them in state court. Dkt. No. 6 at 3. In his complaint, Plaintiff never explained a reason for including New York as a defendant independent of his claims against the other Defendants. Dkt. No. 1 at 3; Dkt. No. 6 at 3. Plaintiff's claims against the other Defendants were correctly dismissed by Magistrate Judge Baxter, thus leaving no party whose actions could be imputed onto the State of New York. Dkt. No. 4 at 1-8. Plaintiff also failed to identify an independent source of liability for the State in his objections. As a result, Plaintiff's claims against the State will be dismissed with prejudice.

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's July 20, 2015 Order and Report-Recommendation is **ADOPTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order; and the Court further

**CERTIFIES** that any appeal from the dismissal of this action would not be taken in good faith.

**IT IS SO ORDERED.**

Dated: November 4, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge